## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIDE RUNNER MARINE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: |
| ) | |
| OCEAN POWER TECHNOLOGIES, INC. ) | In Admiralty // Rule 9(h) |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

Plaintiff, Tide Runner Marine, Inc., by and through its undersigned counsel of record, hereby brings the following Complaint against Defendant, Ocean Power Technologies, Inc., and in support thereof avers as follows:

### PARTIES

1. Plaintiff, Tide Runner Marine, Inc. ("TRM") is a New Jersey corporation with a principal place of business at 3201 Bayshore Avenue, Brigantine, New Jersey, 08203.

2. Defendant, Ocean Power Technologies, Inc. ("OPT") is a corporation organized and existing under the law with an office and principal place of business located at 28 Engelhard Dr., Monroe Township, NJ 08831.

### JURISDICTION AND VENUE

3. This is a case within the court's admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333 (1), and Rule 9(h) of the Federal Rules of Civil Procedure, inasmuch as it involves and/or pertains to a maritime contract (i.e., contract for use of vessels and related work to facilitate the recovery of power buoy moorings from the ocean floor thirty miles at sea).

4. Venue is proper in this District because the transaction on which this action is based took place within this District and all vessels used in the performance of the work departed from and returned to this District. 28 U.S.C. § 1391 (b)(2).

## FACTUAL BACKGROUND

5. Initial discussion on the retrieval of the mooring system commenced between the Parties in April 2016.

6. On or about July 21, 2016, the Parties entered into a written agreement, in the form of a proposal, whereby Plaintiff agreed to recover the mooring system of Defendant's power buoy "PB40" from the ocean floor. A copy of the proposal is attached hereto as Exhibit "1".

7. The mooring system consisted of three - drag anchors situated 30 miles at sea, in 225' of water - each weighing over 15,000 lbs.; three lengths of 1000' chain with 2 3/4" stud links, each weighing over 70,000 lbs. as well as connectors and wire ropes and polyester lines used to connect the PB40 to three adjacent surface buoys, each weighing 40 tons that were also part of the mooring system.

8. The lump sum pricing in the initial proposal was based upon the three surface buoys being place to facilitate location and retrieval of each of the three anchors and associated chains, and three work days on site, one for each of the three sections of the mooring.

9. However, TRM sent a vessel to the location before mobilizing and discovered that the surface buoys were missing, which greatly complicated the mooring system retrieval, and as a result issued a revised the lump sum price to OPT. A copy of the revised proposal is attached as Exhibit 2.

10. OPT modified the revised agreement to include five weather days, which would be at no additional charge, to which TRM agreed.

11. OPT did not give the green light to proceed until August 24, 2016, by which time hurricane season had arrived.

12. TRM hired a subcontractor, Wittich Brothers who was also known to OPT, and who on September 16, 2016 mobilized vessels and equipment from the northeast seaboard and personnel from around the world to Jersey City, New Jersey to affect the retrieval of the mooring system.

13. The vessels and personnel stood by for six weeks while two hurricanes and two "Noreasters" transited the New Jersey Coast, amounting to 42 weather days, at which time all personnel and vessels were sent home on November 3, 2016.

14. On November 27, 2016 the vessels, equipment and personnel were then re-mobilized, adding an anchor barge from Delaware Bay, but the weather again deteriorated and no attempt could be made in December, 2016.

15. Another weather window opened on January 6-8, 2017, and the vessels and personnel put to sea and arrived on site, making numerous drag attempts to locate the mooring system on Friday January 6th, but the weather deteriorated before the system could be located, and the vessels returned to harbor.

16. On January 16, 2017 TRM sent an email to OPT offering to again amend the lump sum proposal to now provide, 1) that the terms of the revised proposal have been fulfilled, 2) that a re-mobilization of vessels and personnel would be no charge, 3) one additional day would be provided on site at no charge, 4) and for all days in excess of the one day, a day rate of

$65,000/day would apply until the vessels and equipment were returned to Jersey City. See Exhibit 3.

17. On January 24, 2017, OPT, via Mark Gonzalez, emailed TRM and stated OPT's position as to the written proposal – 1) that the existing proposal provided for three workdays and five weather days, and 2) that one workday (January 6, 2017) had been used. He further opined that no additional monies were due unless, weather days are exceeded, or OPT authorizes work outside of the original scope of work. See Exhibit 4.

18. On January 30, 2017 the vessels and personnel again stood down.

19. By that point TRM had already encumbered sixty-five weather days.

20. Thereafter, TRM mobilized the vessels and personnel on May 8, 2017 and worked on site on May 9-10, 2017 and retrieved the first leg of the PB40 mooring system and of loaded same to shore.

21. At this point, May 10, 2017, the terms of the original contract as to workdays was completed, and therefore TRM's obligations under the revised proposal were fulfilled.

22. Thereafter, TRM, through Wittich Brothers, contacted OPT's Chris Bukosky, and offered to proceed on a time and material basis to retrieve the other two legs of the mooring system per TRM's January 19, 2017 email.

23. OPT's Chris Bukosky authorized TRM to proceed on a T&M basis in a conversation with Captain Willie Wittich who was on scene with the vessels and standing by to proceed.

24. TRM proceeded on this advice and retrieved the second leg of the PB40 mooring system on May 11-12, 2017.

25. May 13-15, 2017 were additional weather days.

26. TRM proceeded to the site on May 16-17, 2017 and retrieved the third and final leg of the PG40 mooring system.

27. TRM invoiced OPT and OPT refused to pay the invoice. A copy of this invoice is attached as Exhibit "5".

28. Despite demand, Defendant has failed to pay any portion of the amount charged to the approved additional work.

29. As a result of the refusal to pay the invoice presented, TRM now demands payment in full without discount under T&M terms as follows:

```
Sept. 22 – Nov. 3, 2016 – 42 Weather days at $38,500/day   =$1,617,000
January 7-30, 2017 – 24 weather day at $38,500             =$   924,000
May 11-12, 2017 – two workdays at $65,000/day              =$   130,000
May 13-15, 2017 – 3 weather days at $38,500/day            =$   115,500
May 16-17, 2017 – two work days at $65,00/day              =$   130,000
May 18, 2017 demob of vessels                              =$    38,500
                                            Total:         =$2,825,130
```

30. As a result of Defendant's breach, Plaintiff also owes a substantial sum to Wittich Brothers.

## COUNT I (Breach of Contract)

31. Plaintiff hereby incorporates by reference Paragraphs 1-30 of the Complaint as if set forth fully herein.

32. Plaintiff provided additional work as described above on a time and materials basis at agreed upon rates as Defendant, by and through its authorized agents, agreed.

33. Despite demand, Defendant failed to pay the $2,825,130.00 due under the agreement between the parties, and thus are in breach of the contract.

34. As a direct and proximate result of the breach of contract by Defendant, Plaintiff has suffered damages in the amount of $2,825,130.00.

WHEREFORE, Plaintiff, Tide Runner Marine, Inc., demands judgment in its favor and against Defendant in the amount of $2,825,130.00, together with interest, costs, attorney's fees and such other and further relief as may be appropriate under the circumstances.

## COUNT II (UNJUST ENRICHMENT)

35. Plaintiff hereby incorporates by reference Paragraphs 1-34 of the Complaint as if set forth fully herein.

36. Defendant has obtained the benefits of the additional work performed by Plaintiffs and its subcontractors because the mooring system parts were salvaged.

37. Defendant has thus been unjustly enriched by retaining the benefits of the labors of the Plaintiff and its subcontractors.

WHEREFORE, Plaintiff, Tide Runner Marine, Inc., demands judgment in its favor and against Defendant in the amount of $2,825,130.00, together with interest, costs, attorney's fees and such other and further relief as may be appropriate under the circumstances.

## COUNT III (CONVERSION)

38. Plaintiff hereby incorporates by reference Paragraphs 1-37 of the Complaint as if set forth fully herein.

39. Defendant, by and through its authorized agents, agreed to pay Plaintiff on a time and materials benefits

40. Defendant has obtained the benefit of the benefit of the labors of Plaintiff and its subcontractors.

41. By reason of Defendant's conduct and conversion of funds, Plaintiff has suffered damages in the amount of $2,825,130.00.

42. Defendant is, therefore, liable to Plaintiff for damages in the amount of $2,825,130.00, plus interest, costs, attorney's fees and punitive damages.

WHEREFORE, Plaintiff, Tide Runner Marine, Inc., demands judgment in its favor and against Defendant in the amount of $2,825,130.00, together with interest, costs, attorney's fees and such other and further relief as may be appropriate under the circumstances.

## COUNT IV
## (FRAUD, NEGLIGENT AND/OR RECKLESS MISREPRESENTATION)

43. Plaintiff hereby incorporates by reference Paragraphs 1-42 of the Complaint as if fully set forth herein.

44. Defendant agreed to pay Plaintiff for the additional work performed on a time and material basis

45. Defendants intended that Plaintiff rely on the aforesaid promises to induce Plaintiff to perform the additional work.

46. When it entered into that agreement, Defendant had no intention of honoring their agreement to pay Plaintiff for the introduction and recommendation.

47. The Defendant, made false, material representations to the Plaintiff about the conduct of work and, more specifically, the payment of same to induce Plaintiff to perform the additional work.

48. Defendant, in making these material representations, knew that Plaintiff would rely and act upon the same. Plaintiff was otherwise ignorant of the falsities of the representations at issue. Plaintiff acted reasonably in its reliance on these representations and suffered consequent and proximate injury as a result thereof.

49. Alternatively, Defendants (i) negligently and/or recklessly made misrepresentations of material fact, i.e., that it would pay for the additional work on a time and

materials basis, or (ii) negligently and/or recklessly omitted material facts from the representations made to Plaintiff regarding the payment for the additional work.

50. The significance of these negligent and/or reckless misrepresentations or omissions was material, inasmuch as Plaintiff relied on the same in furtherance of its business dealings with the Defendant.

51. Defendant failed to exercise reasonable care in its statements – be they misrepresentations or omissions therefrom – made to Plaintiff with respect to same. Alternatively, Defendant made these misrepresentations or omissions of material fact with reckless disregard for the veracity thereof.

52. As a direct and proximate result of the actions or omissions of the Defendant, Plaintiff suffered damages in incurring costs to its subcontractors to pay for the additional work requested by the Defendant.

WHEREFORE, Plaintiff, Tide Runner Marine, Inc., demands judgment in its favor and against Defendant in the amount of $2,825,130.00, together with interest, costs, attorney's fees, punitive damages and such other and further relief as may be appropriate under the circumstances.

PLAINTIFF NOW PRAYS FOR THE FOLLOWING RELIEF:

1. That process and due form of law issue, citing the Defendants to appear and answer all the matters of aforesaid;

2. That Plaintiff have and recover judgment against Defendant in the amount of $2,825,130.00, plus interest, costs, attorney's fees;

3. That Plaintiff have and recover punitive damages against Defendants in an amount to be determined by the trier of fact; and

4.  For all other, further and different relief which justice may so require.

Done this 13th day of June, 2018.

        Respectfully submitted,

        _____
        Brian McEwing, Esquire
        REEVES McEWING, LLP
        681 Town Bank Rd.
        Cape May, NY 08204
        609.846.4717
        mcewing@lawofsea.com
        Attorney for Plaintiff,
        Tide Runner Marine, Inc

## VERIFICATION

STATE OF _Pennsylvania_
COUNTY OF _Philadelphia_

Personally before me, the undersigned authority came and appeared _John McLaughlin_ who first being duly sworn, did depose and say as follows:

1. That he is the _Owner_ of Plaintiff herein; that he has read the foregoing complaint and knows the contents thereof;

2. That the same are true and correct except as allegations made on information and belief, and those he verily believes to be true;

3. That the source of his information and the grounds of his belief are documents and records of Plaintiff.

_[signature: John T McLaughlin]_

SWORN TO and subscribed before me on this the _12_ day of June, 2018.

_[signature]_
Notary Public
My commission expires: _3-13-20_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Christine C. Nass, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires March 13, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

10